**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurtis James LaMotte, | No. CV-25-02468-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court now considers Plaintiff Kurtis James LaMotte's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision. The Court **affirms** the ALJ's decision for the following reasons.

## I.    BACKGROUND

On January 22, 2021, Plaintiff applied for DIB under Title II alleging a disability onset date of November 20, 2017. (AR. 18.) Plaintiff's claims were denied initially and on reconsideration. (AR 18.) After an administrative hearing, an ALJ issued an unfavorable decision on August 2, 2024, finding Plaintiff not disabled. (AR 34.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR 1.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.   LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If not, the claimant is not disabled and the inquiry ends.  *Id.*  At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404.   *See* 20 C.F.R. § 404.1520(a)(4)(iii).   If so, the claimant is automatically found to be disabled.  *Id.*  If not, the ALJ proceeds to step four.  At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work.   20 C.F.R. § 404.1520(a)(4)(iv).  If so, the claimant is not disabled and the inquiry ends.  *Id.*  If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If so, the claimant is not disabled.  *Id.*  If not, the claimant is disabled.  *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion."  *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).  As a general rule, if the "evidence is susceptible to

- 2 -

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III.    DISCUSSION

Plaintiff argues that the ALJ failed to: (1) adequately consider medical opinion evidence; and (2) properly consider Plaintiff's symptom testimony. (Doc. 9 at 1.)

### A. The ALJ Did Not Err in Weighing Medical Source Opinion Evidence

The Court addresses Plaintiff's argument that the ALJ failed to properly address medical opinion evidence offered by David Virgil, M.D.

An ALJ "must consider all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041 (citing 20 C.F.R. § 404.1527(b)). In examining medical evidence, an ALJ must articulate how persuasive he or she finds the medical opinions from each doctor or other source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations applicable here,[1] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

Dr. Virgil issued opinions in 2022 and 2023 in which he opined:

---

[1] Plaintiff filed their benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

> [T]he claimant had a variety of psychological limitations ranging from mild to moderately severe, including that the claimant had moderately severe limitations with respect to relating to other people, and moderate limitations with regard to his activities of daily living and responding to customary work pressures (Ex. 5F/42-43). He further opined the claimants psychiatric symptoms were exacerbated by the claimants general medical condition and would moderately affect the claimants ability to sustain his work pace

(AR 23.)  The record supports the ALJ's conclusion that these opinions were not persuasive because they are "inconsistent with [Plaintiff's] healthcare professionals, who described him as alert, oriented, cooperative with normal speech, sometimes slightly anxious mood, and pleasant demeanor, as well as the claimants report that he attends car shows for social interaction."  (AR 23, 201, 268, 283, 320, 352, 434, 453, 464, 561.)  The record also supports the ALJ's conclusion that "the opinion that the claimant has moderate limitations is inconsistent with his reported activities of daily living that include caring for his young daughter and playing video games."  (AR 23, 200–01, 250–51.).

> Dr. Virgil also issued an opinion in 2024 which the ALJ summarized as follows: David Virgil, M.D., completed a physical Medical Source Statement dated April 17, 2024, and opined that the claimant was precluded from working an eight-hour workday due to his impairments. He further opined the claimant could lift and/or carry less than 10 pounds and sit, stand, or walk less than two hours in an eight-hour workday with the ability to alternate positions every hour and rest for 15 or more minutes. Dr. Virgil opined that the claimant could occasionally use her bilateral hands and bend, reach, stoop less than occasionally. The doctor further opined the claimant would be incapable of completing more than 1-2 step job duties and would have moderately severe difficulty remaining on task. He further opined the claimant would need to rest more than two hours when experiencing headaches or mental fatigue and would miss six or more days of work per month.

(AR 31 (citations omitted).)  The ALJ found Dr. Virgil's opinions unpersuasive.

The ALJ noted that "[t]he opinion that the claimant is precluded from working an eight-hour workday is a statement that pertains to an issue reserved to the Commissioner and are therefore neither valuable nor persuasive."  (AR 31.)  The Court agrees.  *See* 20 C.F.R. § 404.1520b(c)(3)).  The ALJ went on to note that:

> The remainder of the opinion is inconsistent with the claimants reports that

he was doing well overall with persistent and stable pain complaints, physical examinations that documented grossly intact range of motion in all extremities, no cyanosis, no clubbing, grossly intact gait, 5/5 strength in the bilateral upper and lower extremities with some slight residual decrease foot dorsi/plantar flexion 4/5 strength with some fatigue, occasionally +2-3 pitting bilateral lower extremity edema up to mid-tibial shaft, and evidence rhomboid/trapezius/posterior deltoid hypertonicity.

(AR 31.) The Court finds that these opinions are supported by substantial evidence in the record. (268, 237, 276, 280, 283, 287, 291, 297–98, 313, 316, 329, 337, 340–41, 418, 435, 454, 463–65, 478–480, 487, 499, 504, 509, 513, 560–61, 617.) The ALJ also persuasively highlights that Plaintiff was "generally treated conservatively." (AR 31, 269, 272, 294, 489–90, 562, 614, 780.)

Accordingly, the Court finds that the record supports the ALJ's conclusion that Dr. Virgil's opinions were not persuasive.

**B. The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony**

The Court next addresses Plaintiff's argument that the ALJ erred by improperly considering Plaintiff's symptom testimony.

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified). Second, if there is such objective evidence, and "no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation modified). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff "alleged that he was unable to work due to a back injury, deteriorating disk disease, asthma, severe nerve damage, carpal tunnel, and obesity." (AR 25.) The ALJ

found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 26.)  The ALJ found that "the claimant's activities of daily living, the objective medical evidence of record, and the opinion evidence in finding the claimant is capable of work within the confines of the residual functional capacity." (AR 32.)  Court finds that the ALJ's conclusions are supported by substantial evidence.

The ALJ explained that Plaintiff's "allegations regarding the severity of his symptoms are inconsistent with his activities of daily living." (AR 26.)  For example, Plaintiff "has engaged in a somewhat normal level of daily activity and interaction" and "admitted activities of daily living including playing video games, traveling, driving, caring for his infant daughter, and managing finances." (AR 26.)  This is a recognized basis for discounting subjective symptom testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

As to Plaintiff's asthma, the ALJ noted that it "was controlled with medication, including albuterol" and that "[p]hysical examinations generally showed non labored effort, clear to auscultation bilaterally, and occasionally stable bilateral late inspiratory rhonchi posterior bases and expiratory (mild wheezing)." (AR 29.)  "Impairments that can be controlled effectively by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits." *Joshua F. v. Comm'r, Soc. Sec. Admin.*, No. 6:24-CV-01767-YY, 2025 WL 3754232, at *5 (D. Or. Dec. 29, 2025).  The ALJ's opinions are supported by the record. (AR 268, 273, 276, 280, 283, 287, 291, 298, 313, 316, 329, 337, 341, 381, 418, 435, 454, 465, 480, 487, 499, 504, 509, 513.)

The ALJ also evaluated "physical examinations that documented grossly intact range of motion in all extremities, grossly intact gait, 5/5 strength in the bilateral upper and

lower extremities with some slight residual decrease foot dorsi/plantar flexion 4/5 strength with some fatigue, occasionally +2-3 pitting bilateral lower extremity edema up to midtibial shaft, and evidence rhomboid/trapezius/posterior deltoid hypertonicity." (AR 28, 32.)  These opinions are supported by the record.  (AR 268–69, 273, 276, 280, 283, 287, 291, 298, 313, 316, 329, 337, 341, 418, 435, 454, 465, 480; 487, 489–90, 499, 504, 509, 513, 561–62, 617.)

The ALJ also noted that Plaintiff "was generally treated conservatively during the relevant period." (AR 31.)  "Conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment." *Dattilo v. Berryhill*, 773 F. App'x 878, 881 (9th Cir. 2019).  The Court finds that the ALJ's opinion is supported by the record. (AR 272, 294, 614, 780).

The Court also notes that Plaintiff testified "I do" when asked whether he "walk[s] with a cane everywhere." (AR 47.)  However, the ALJ noted that "physical examinations did not document the claimants use of a cane except at the October 2019 consultative examination" and noted that "the cane was not prescribed." (AR 24, 257–265.)

Accordingly, the Court finds that the record supports the ALJ's rationale behind discrediting Plaintiff's symptom testimony.

**IV.    CONCLUSION**

Accordingly,

**IT IS ORDERED** affirming the ALJ's decision.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 22nd day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 7 -